Gruesa, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                         Plaintiff,    :        13 Civ. 6828 (TPG)
            -against-                   :
                                       :        ECF
CHAN TZE NGON and JIANG XIANGYUAN,     :
                                       :
                         Defendants.   :
-------------------------------------------------------------------------x

### FINAL JUDGMENT AS TO DEFENDANT CHAN TZE NGON

Upon the moving papers submitted in support of the Plaintiff Securities and Exchange
Commission's Motion for Default Judgment Against Defendant Chan Tze Ngon ("Defendant"),
the docketed entries and all submissions in this matter, and the findings of the Court:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and
Defendant's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final Judgment by personal service or
otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section
10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and
Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or
instrumentality of interstate commerce, or of the mails, or of any facility of any national
securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact
necessary in order to make the statements made, in the light of the circumstances
under which they were made, not misleading; or

    (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act  [15 U.S.C. §

2

78m(a), 15 U.S.C. § 78m(b)(2)(A) and  15 U.S.C. § 78m(b)(2)(B)] and Rules 13a–1, 13a–13 and 12b–20 thereunder [17 C.F.R. §§ 240.13a–1, 240.13a–13, 240.12b–20], by knowingly providing substantial assistance to any issuer that

(a)     fails to file with the Commission factually accurate and complete annual and quarterly reports as required pursuant to Section 13(a) of the Exchange Act , and Rules 13a–1 and 13a–13 promulgated thereunder;

(b)      fails to file with the Commission material information as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading as required by Rule 12b-20;

(c)     fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any issuer as required by Section 13(b)(2)(A); or

(d)     fails to devise and maintain a sufficient system of internal accounting controls as required by Section 13(b)(2)(B),

unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly controlling any person who violates Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange

Act  [15 U.S.C. § 78m(a), 15 U.S.C. § 78m(b)(2)(A) and  15 U.S.C. § 78m(b)(2)(B)] and Rules

13a–1, 13a–13 and 12b–20 thereunder [17 C.F.R. §§ 240.13a–1, 240.13a–13, 240.12b–20], by:

    (a)    failing to file with the Commission factually accurate and complete annual and

           quarterly reports as required pursuant to Section 13(a) of the Exchange Act , and

           Rules 13a–1 and 13a–13 promulgated thereunder;

    (b)    failing to file with the Commission material information as may be necessary to

           make the required statements, in the light of the circumstances under which they

           are made, not misleading as required by Rule 12b-20;

    (c)    failing to make and keep books, records, and accounts, which, in reasonable

           detail, accurately and fairly reflect the transactions and dispositions of the assets

           of any issuer as required by Section 13(b)(2)(A); or

    (d)    failing to devise and maintain a sufficient system of internal accounting controls

           as required by Section 13(b)(2)(B),

unless Defendant acts in good faith and does not directly or indirectly induce the act or acts

constituting the violation.

**V.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating, directly or

indirectly, from:

    (a)    knowingly circumventing or failing to implement a system of internal accounting

           controls; or

(b)     knowingly falsifying any book, record, or account that were subject to Exchange
Act Section 13(b)(2);

in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1
[17 C.F.R. § 240.13b2-1].

## VI.

### IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant and Defendant's agents, accountants, employees, attorneys, and all persons in active
concert or participation with them who receive actual notice of this Judgment by personal service
or otherwise are permanently restrained and enjoined from violating, directly or indirectly,
Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by knowingly signing required
certifications of reports filed with the Commission that contain any false statements of material
fact or omit to state a material fact necessary to make the statement not misleading.

## VII.

### IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the
Exchange Act [15 U.S.C.§ 78u(d)(2)], Defendant is prohibited from acting as an officer or
director of any issuer that has a class of securities registered pursuant to Section 12 of the
Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the
Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

### IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant is liable for disgorgement of $41,472,680, representing his ill-gotten gains as a result
of the conduct alleged in the Complaint, together with prejudgment interest thereon in the

amount of $6,654,509.46, and a civil penalty in the amount of $750,000 pursuant to

Section 20(d) of the Securities Act [15 U.S.C. § 77t(u)] and Section 21(d)(3) of the Exchange

Act [15 U.S.C. § 78j(b)].  Defendant shall satisfy this obligation by paying $48,877,189.46 to

the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Chan as a defendant in this action; and specifying that payment is made pursuant to

this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan

to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the

administration of any distribution of the Fund.  If the Commission staff determines that the Fund

6

will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter Final Judgment as to Defendant Chan forthwith and without further notice.

Dated Jan. 16, 2015

Thomas P. Griesa

United States District Judge

7